IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BRENDA LEE BRAUN, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-485-RGA |
| CHESTER JOSHUA BOYER and RITA BOYER, | : | |
| Defendants. | : | |

Brenda Lee Braun, Lancaster, Pennsylvania, Pro Se Plaintiff.

## MEMORANDUM OPINION

May 14, 2013
Wilmington, Delaware

*Richard G. Andrews*

**ANDREWS, U.S. District Judge:**

Plaintiff Brenda Lee Braun filed this action seeking the return of all products, payment of all products, an apology, and a no-contact order. She appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff alleges that she received threatening telephone calls and texts from Chester Boyer. It is unclear where the acts of which Plaintiff complains occurred. Plaintiff seeks damages in the sum of $700.00.

While the civil cover sheet asserts jurisdiction by reason of a federal question, the Court perceives no basis for federal jurisdiction. While Plaintiff was a citizen of the State of Delaware at the time she filed the Complaint (she now resides in Pennsylvania) and Defendants are citizens of the State of Pennsylvania, Plaintiff alleges damages in the amount of $700.00. Hence, the requisites for diversity jurisdiction are not met. *See* 28 U.S.C. § 1332(a) (for diversity jurisdiction the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs). Accordingly, the Court lacks subject matter jurisdiction over this matter.

In addition, it is unclear if this case is properly venued in this district. In a civil action, venue is proper only in: (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be

brought. *See* 28 U.S.C. § 1391(b). Defendants reside in Pennsylvania, and it is not known where events giving rise to the claim occurred.

For the above reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction. Plaintiff will be given leave to amend the Complaint, in the event she can cure the pleading deficiencies. Any amendment shall clarify whether venue is proper in this judicial district.

An appropriate order will be entered.